**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO:   **12-41235-btr-13** |
| **Corbin Scott Geiser** ) | |
| **Kelly Anne Geiser** ) | Chapter 13 |
| SSN(s): **xxx-xx-0113, xxx-xx-9231**         ) | |
| **3047 Mitchell Way** ) | |
| **The Colony, TX 75056** ) | |
| ) | |
| ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

*FIRST AMENDED 9/6/2012*
### CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$1,975.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (06/02/2012) | 60 (05/02/2017) | $1,975.00 | $118,500.00 |
| | | Grand Total: | $118,500.00 |

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$3,500.00**. The amount of **$500.00** was paid prior to the filing of the case. The balance of **$3,000.00** will be paid ☒ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:   12-41235-btr-13
Debtor(s):   **Corbin Scott Geiser**
             **Kelly Anne Geiser**

5. **Priority Claims.**

    (A). **Domestic Support Obligations.**

    ☑ None.  If none, skip to Plan paragraph 5(B).

    (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

    (iii). Anticipated Domestic Support Obligation Arrearage Claims

    (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    ☑ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

    (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    ☑ None; or

    Claimant and proposed treatment:

| (a) Claimant | (b) Proposed Treatment |
|---|---|
|  |  |

    (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| **Internal Revenue Service** | **$6,799.06** |

6. **Secured Claims.**

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    (i). **Pre-confirmation adequate protection payments.**   Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C).  If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.  If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Case No:  12-41235-btr-13
Debtor(s):  **Corbin Scott Geiser**
  **Kelly Anne Geiser**

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|

| **Gm Financial** | **2011 Nissan Quest** | **$0.00** |
|---|---|---|

(ii).  **Post confirmation payments.**  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a).  **Claims to Which § 506 Valuation is NOT Applicable.**  Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|

(b).  **Claims to Which § 506 Valuation is Applicable.**  Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Ally Financial** <br> **2011 Jeep Grand Cherokee** | **09/01/2010** | **$32,207.37** | **5.00%** | **Pro-Rata Month(s) 1-45** |
| **Gm Financial** <br> **2011 Nissan Quest** | **05/01/2011** | **$34,500.00** | **5.00%** | **Pro-Rata Month(s) 1-45** |

Case No:   12-41235-btr-13
Debtor(s):   **Corbin Scott Geiser**
             **Kelly Anne Geiser**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
|  |  |  |  |

(C). **Surrender of Collateral.**   Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **City Ntl Bk/Ocwen Loan Service** | **7716 Fairway Ave. SE #802 Snoqualmie, WA 98065** |
| **Fairway Lane Town** | **7716 Fairway Ave. SE #802 Snoqualmie, WA 98065** |
| **Specialized Loan Servi** | **7716 Fairway Ave. SE #802 Snoqualmie, WA 98065** |

(D). **Void Lien:**  The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.**   Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is     **$29,404.00**        .  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of     **$27,981.62**       .  Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein.  Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑  None; or

Case No:   12-41235-btr-13
Debtor(s):   **Corbin Scott Geiser**
             **Kelly Anne Geiser**

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.**  Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.**  The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A).  **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B).  **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

   (C).  **Additional provisions.**
   None.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date:  **September 6, 2012**

**/s/ Marcus Leinart**
Marcus Leinart, Debtor's Attorney

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

IN RE:  **Corbin Scott Geiser**                                              CASE NO.   **12-41235-btr-13**
**Kelly Anne Geiser**

                                                                                                                    CHAPTER   **13**

## Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date:   **9/6/2012**                                                   /s/ Marcus Leinart
                                                                                    **Marcus Leinart**
                                                                                    Attorney for the Debtor(s)

Corbin Scott Geiser
3047 Mitchell Way
The Colony, TX 75056


Janna Countryman
500 N. Central Expressway, Suite 350
Plano, TX 75074


Kelly Anne Geiser
3047 Mitchell Way
The Colony, TX 75056


United States Trustee- Eastern District
110 N. College Ave, Ste 300
Tyler, TX 75702

```
Label Matrix for local noticing        Ally Financial                         Ally Financial Inc.
0540-4                                 P O Box 380901                         P O Box 130424
Case 12-41235                          Bloomington, MN 55438-0901             Roseville, MN 55113-0004
Eastern District of Texas
Sherman
Thu Sep  6 11:48:38 CDT 2012

(p)AMERICREDIT                         Attorney General of Texas              Barclays Bank Delaware
PO BOX 183853                          Collections Div/ Bankruptcy Section    Attention: Bankruptcy
ARLINGTON TX 76096-3853                PO Box 12548                           PO Box 1337
                                       Austin, TX 78711-2548                  Philadelphia, PA 19101


CAPITAL ONE BANK (USA), N.A.           Cach Llc/Square Two Financial          Capital One, N.a.
PO Box 12907                           Attention: Bankruptcy                  Capital One Bank (USA) N.A.
Norfolk VA 23541-0907                  4340 South Monaco St.  2nd Floor       PO Box 30285
                                       Denver, CO 80237-3408                  Salt Lake City, UT 84130-0285


City Ntl Bk/Ocwen Loan Service         (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS Janna L. Countryman
Attn: Bankruptcy                       REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION P. O. Box 941166
1661 Worthington Rd. Suite 100         PO BOX 13528                           Plano, TX 75094-1166
West Palm Beach, FL 33409-6493         AUSTIN TX 78711-3528


Discover Fin                           Fairway Lane Town                      Corbin Scott Geiser
Attention:  Bankruptcy Department      C/O CDC Mgmt Services                  3047 Mitchell Way
PO Box 3025                            PO Box 80286                           The Colony, TX 75056-6495
New Albany, OH 43054-3025              City of Industry, CA 91716-8286


Kelly Anne Geiser                      Gm Financial                           HSBC Bank USA, National Association
3047 Mitchell Way                      Po Box 181145                          c/o Ocwen Loan Servicing, LLC
The Colony, TX 75056-6495              Arlington, TX 76096-1145               Attn: Bankruptcy Department
                                                                              1661 Worthington Road, Suite 100
                                                                              West Palm Beach, FL 33409-6493


James Hogan                            Ronald Housh                           Hsbc Bank
AmeriCredit Financial Services         Townhomes Owners Association           ATTN: BANKRUPTCY
4000 Embarcadro Drive                  800 Fifth Avenue, suite 4000           PO BOX 5213
Arlington, TX 76014-4101               Seattle, Wa 98104-3180                 Carol Stream, IL 60197-5213


Internal Revenue Service               (p)INTERNAL REVENUE SERVICE            Marcus Leinart
Centralized Insolvency                 CENTRALIZED INSOLVENCY OPERATIONS      Leinart Law Firm
PO Box 7346                            PO BOX 7346                            11520 N. Central Expwy.  Suite 212
Philadelphia, PA 19101-7346            PHILADELPHIA PA 19101-7346             Dallas, TX 75243-6608


Leinart Law Firm                       Linebarger Goggan Blair et al          Midland Funding
11520 N. Central Expressway            2323 Bryan St, Ste 1600                8875 Aero Dr
Suite 212                              Dallas, TX 75201-2644                  San Diego, CA 92123-2255
Dallas, Texas 75243-6608


OAK HARBOR CAPITAL VI, LLC             (p)PORTFOLIO RECOVERY ASSOCIATES LLC   Specialized Loan Servi
C O WEINSTEIN AND RILEY, PS            PO BOX 41067                           Attn: Bankruptcy
2001 WESTERN AVENUE, STE 400           NORFOLK VA 23541-1067                  8742 Lucent Blvd.  Suite 300
SEATTLE, WA 98121-3132                                                        Highlands Ranch, CO 80129-2386
```

```
Specialized Loan Servicing, LLC         Texas Alcoholic Beverage Commission      Texas Workforce Commission
8742 Lucent Blvd Suite 300              Licenses and Permit Division             TEC Building- Bankruptcy
Highlands Ranch, CO 80129-2386          PO Box 13127                             101 E 15th St
                                        Austin, TX 78711-3127                    Austin, TX 78778-0001


U.S. Attorney General                   US Trustee                               USAA FEDERAL SAVINGS BANK
Department of Justice                   Office of the U.S. Trustee               C O WEINSTEIN AND RILEY, PS
Main Justice Building                   110 N. College Ave.                      2001 WESTERN AVENUE, STE 400
10th & Constitution Ave., NW            Suite 300                                SEATTLE, WA 98121-3132
Washington, DC 20530-0001               Tyler, TX 75702-7231


United States Attorney General          United States Attorney's Office          Usaa Savings Bank
Dept. of Justice                        110 North College Ave, Ste 700           Po Box 47504
Main Justice Bldg                       Tyler, TX 75702-0204                     San Antonio, TX 78265-7504
10 and Constitution, NW
Washington, DC  20530-0001


Wash Mutual/providian/Chase
Attn: Bankruptcy Dept
PO Box 15298
Wilmington, DE 19850-5298
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AmeriCredit Financial Services, Inc.    (d)AmeriCredit Financial Services, Inc. Comptroller of Public Accounts
PO Box 183853                           PO Box 183853                            Revenue Accounting/ Bankruptcy Div
Arlington, TX 76096                     Arlington, Texas  76096                  PO Box 13528
                                                                                 Austin, TX 78711


Internal Revenue Service                Portfolio Recovery Associates, LLC      End of Label Matrix
Special Procedures and Insolvency       POB 41067                                Mailable recipients    39
PO Box 21126                            Norfolk VA 23541                         Bypassed recipients     0
Philadelphia, PA 19114                                                           Total                  39
```